NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| QUADIR SNELL, | : | Civil Action No. 10-02072 (JAP) |
|         Plaintiff, | : | |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
|         Respondent. | : | |

PISANO, District Judge.

This matter is presently before the Court upon *pro se* Petitioner Quadir Snell's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and Petitioner's motion to file an amended § 2255 petition. Also before the Court is an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915 and a request for transcripts from Petitioner's resentencing hearing on May 31, 2011. For the reasons set forth below, the Court grants Petitioner's application to proceed *in forma pauperis* and grants the Motion to Amend.

**I.**     **Background**

On July 11, 2008, Petitioner, along with seven co-conspirators, was charged in a ten-count Superceding Indictment with: one count of conspiracy to commit robbery affecting interstate commerce, one count of robbery affecting interstate commerce, and one count of receipt of stolen property. The criminal case against Petitioner was originally before the Honorable Garrett E. Brown, Jr. On September 29, 2008, Petitioner pled guilty to the

substantive Hobbs Act robbery count (Count VIII) and Judge Brown sentenced him to 96 months imprisonment on January 5, 2009.

On April 23, 2010, Petitioner filed a Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "2010 Petition"). In the 2010 Petition, Petitioner presented four grounds for vacating his sentence, each alleging ineffective assistance of counsel. In particular, he argued that: 1) counsel failed to properly investigate the law; 2) counsel failed to advise Petitioner of the minimum and maximum sentences for the charged offense; 3) counsel failed to object to Rule 11 violations; and 4) counsel improperly informed Petitioner that he could not appeal the sentence. The Government opposed the 2010 Petition, arguing that Petitioner had waived his right to collaterally attack his sentence and that his claims were meritless. By Opinion and Order dated January 14, 2011, Judge Brown denied the first three grounds of the 2010 Petition but deferred judgment on the fourth to allow for additional briefing and a hearing. Following an evidentiary hearing conducted on April 11, 2011, Judge Brown granted Petitioner's 2010 Petition in part and vacated the sentence entered on January 5, 2009. At a hearing on May 31, 2011, Judge Brown resentenced Petitioner to 92 months imprisonment.

On March 19, 2012, Petitioner moved the court to provide him with free transcripts from the May 31, 2011 resentencing hearing and on March 22, 2012, Petitioner filed an application to proceed without prepayment of fees. By submission dated May 29, 2012, Petitioner filed the instant Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and a motion for leave to amend the same (collectively, the "Motion").[1] Petitioner asserts a single ground for relief in the Motion, namely, that his sentence of 92 months imprisonment is

---

[1] Although Petitioner styled his submission as a "Motion for Leave to File Amended Motion Pursuant to 28 U.S.C. 2255," the motion appears to be both a Petition to vacate, set aside, or correct his sentence 28 U.S.C. § 2255, as well as a motion for leave to amend the same. Accordingly, the Court will treat the motion as such and address both requests herein.

unreasonable and that he was denied effective assistance of counsel.  *See* Motion ¶ 12, Ground 1. Petitioner also argues that his Motion is a "Placeholder" motion that he should be permitted to amend following completion of a legal and factual investigation relevant to the motion, including review of the transcript from his May 31, 2011 resentencing hearing.  *Id.* at pp. 1-2.  Having reviewed the record, the Court will allow Petitioner to amend his motion.

## II.     Standard of Review

A prisoner in federal custody may file a motion in the trial court challenging the validity of his sentence.  28 U.S.C. § 2255; *Morelli v. United States*, 285 F. Supp. 2d 454, 458 (D.N.J. 2003).  Pursuant to § 2255, a prisoner shall be released from custody if the sentence "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." *Morelli*, 285 F. Supp. 2d at 458 (citing 28 U.S.C. § 2255).  To establish a right to habeas corpus relief, a prisoner must demonstrate that the sentence has a fundamental defect resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedures.  *See, e.g., United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989); *Morelli*, 285 F. Supp. 2d at 459 (citations omitted).

## III.    Motion to Amend

The Federal Rules of Civil Procedure apply fully to motions to amend habeas corpus motions.  *See United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999).  As such, the Court may grant leave to amend such motions, and should do so "when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Supreme Court has encouraged generous application of this rule generally, allowing leave to amend "in the absence of evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowing the amendment [or] futility of amendment." *Duffus*, 174 F.3d at 337 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court is mindful of Petitioner's *pro se* status and therefore construes his filing liberally. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Here, the Court sees no bad faith, dilatory motive, or undue prejudice in allowing Petitioner to amend his Section 2255 Motion. Petitioner's Motion was filed within the one-year statute of limitations applicable under AEPDA and Petitioner does not seek to add a new theory of relief.[2] Rather, he wishes to amend the Motion to clarify the legal and factual basis of his ineffective assistance of counsel claim. In particular, it appears that he wishes to provide additional factual support for his contention that his post-sentencing rehabilitation should have been taken into account by the sentencing judge. Petitioner claims that he needs time to amend his petition because he has been unable to obtain copies of the transcript from his resentencing hearing and therefore was unable to fully research his claims. The Court finds that Petitioner should be provided with a copy of the transcript and leave to amend should be granted to permit Petitioner to review the transcript and file an amended petition.[3]

The Court believes that allowing this amendment is within the interests of justice as once a Section 2255 motion is decided on the merits, a party is generally precluded from filing a subsequent § 2555 motion, even on grounds not considered in the prior motion. Furthermore, the Government has not opposed the Motion and there is no basis to conclude that the Government

---

[2] Although habeas corpus petitions are subject to a one-year statute of limitations pursuant to AEDPA, the Court may nonetheless permit a petitioner to amend such a petition after the one-year period has expired, so long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief. *See United States v Thomas*, 221 F.430, 436 (3d Cir. 2000).

[3] Petitioner made several requests to his former attorney and the Court for copies of his transcript in March 2012.

will be prejudiced if Petitioner is allowed to amend.  Accordingly, the Court will grant Petitioner leave to amend the Motion solely to provide additional support for his assertion that he was denied effective assistance of counsel and that he should be permitted to introduce evidence of his post-sentence rehabilitation.

### IV.     Application to Proceed In Forma Pauperis

Petitioner has also filed an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.  The Court has reviewed Petitioner's application and finds that Petitioner has shown that he is unable to pay the required fees or give security thereof.  Accordingly, the application to proceed *in forma pauperis* will be granted and the Clerk of the Court shall provide Petitioner with copies of the transcript from his resentencing hearing.

### IV.     Conclusion

For the reasons above, the Petitioner's motion for leave to amend his habeas corpus petition and his motion to proceed *in forma pauperis* will be granted.  The remaining portion of the Motion is denied without prejudice.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: November 13, 2012