NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUADIR SNELL, | |
| Petitioner, | Civil Action No. 10-2072 (JAP) |
| v. | **OPINION** |
| UNITED STATES, | |
| Respondent. | |

**APPEARANCES:**

Petitioner, pro se
Quadir Snell
Reg. No. 29170-050
United States Penitentiary- Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

Counsel for Respondent
Paul J. Fishman
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

**PISANO, District Judge**

Petitioner Quadir Snell ("Petitioner"), a federal prisoner currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, submitted a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On April 30, 2013, the United States Attorney answered the petition and Petitioner filed a reply on or about May 7, 2013.

For the reasons set forth below, this petition will be denied.

## I.   BACKGROUND

On July 11, 2008, Petitioner was charged in a ten-count Superseding Indictment with one count of conspiracy to commit robbery affecting interstate commerce, one count of robbery affecting interstate commerce, and one count of receipt of stolen property. Petitioner pled guilty to the substantive robbery count on September 29, 2008 and was sentenced to 96 months imprisonment on January 5, 2009. That sentence was at the bottom of the Guidelines range for Petitioner's offense level of 24 and criminal history category of V. Pursuant to the plea agreement, Petitioner expressly waived his right to appeal or collaterally attack his sentence if it fell within or below Guidelines offense level 24.

Petitioner then filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On January 14, 2011, Presiding Judge Garrett E. Brown, Jr. denied the Petition in part and ordered the parties to file supplemental materials regarding Petitioner's claim that his counsel failed to file a timely appeal of his sentence. After an evidentiary hearing on April 11, 2011, Judge Brown found that certain sentencing determinations - namely, the criminal history category and the period of supervised release - were not addressed by the plea agreement and that Petitioner had not been consulted on a number of grounds following sentencing. For those reasons, Petitioner was resentenced on May 31, 2011 to 92 months imprisonment.[1]

Nearly one year after the resentencing by Judge Brown, Petitioner filed the instant Petition seeking a new resentencing.

## II.   CLAIMS PRESENTED

Petitioner relies on a recent decision in Pepper v. United States, 131 S. Ct. 1229 (2011), which held that post-sentencing rehabilitation is a factor to be considered at the time of

---

[1] This matter was transferred to Judge Joel A. Pisano on June 14, 2012.

resentencing. Specifically, Petitioner claims that the Pepper decision entitles him to a resentencing, during which his rehabilitation efforts should be fully discussed and considered.

### III.   DISCUSSION

28 U.S.C. § 2255 permits a court to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255 may not be used to "re-litigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)).

This Court is also mindful of Petitioner's *pro se* status. Because Petitioner is a *pro se* litigant, the Court must apply a more liberal standard of review to his claims than it would to a petition filed with the aid of counsel. *See*, *e.g.*, Haines v. Kerner, 404 U.S. 519, 520 (1972); Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance). Here, the Court construes Petitioner's filings liberally, as it is required to do, but nonetheless finds that the Petition should be denied.

In Pepper, on which Petitioner relies, the Supreme Court held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's post sentencing rehabilitation and that such evidence, in appropriate cases, [may] support a downward variance from the now-advisory Federal Sentencing Guidelines range." Pepper, 131 S. Ct. at 1236. In Pepper, the Government appealed defendant Pepper's 24-month prison sentence, which reflected a nearly 40 percent departure from the guidelines based on

Pepper's substantial assistance. The Eighth Circuit Court of Appeals reversed and remanded for resentencing. On remand, the District Court conducted a re-sentencing hearing during which there was testimony that Pepper successfully completed a drug treatment program, found employment, and enrolled at a local community college after his release. Id. at 1236-37. Following the hearing, the District Court sentenced Pepper to the same 24-month sentence, which the Government again appealed. Finally, again on remand, the District Court stated it was not bound to the previous reduction, refused to grant a further downward variance, and imposed a 65-month sentence. Defendant appealed this sentence. In reversing, the Supreme Court held that "the Court of Appeals erred in categorically precluding the District Court from considering evidence of Pepper's postsentencing rehabilitation after his initial sentence was set aside on appeal. District courts post-*Booker* may consider evidence of a defendant's postsentencing rehabilitation at resentencing…." Id. at 1249.

In light of Pepper, Petitioner argues that he is entitled to a new resentencing to take into account his rehabilitation efforts. In support of his petition, he has submitted to the Court records of his post-sentencing activities. Since being sentenced, Petitioner has obtained a number of educational credits including his GED, and has participated in parenting skills classes and an industry safety training program. He argues that these rehabilitation efforts create the basis for a resentencing based on Pepper.

While Petitioner's rehabilitation efforts are laudable, they do not entitle Petitioner to a resentencing. The Pepper decision does not create a right to resentencing solely on the basis of post-sentencing rehabilitation. Rather, as was the case in Pepper, when a sentencing is properly appealed, rehabilitation efforts are just one of a number of factors to be considered by the sentencing judge. See id. at 1249 (holding that the district court may consider petitioner's

postsentence rehabilitation efforts "*after* his initial sentence [i]s set aside on appeal") (emphasis added).  In this case, Petitioner has not identified any basis to set aside his sentence and his rehabilitation efforts alone do not entitle him to a resentencing.

Furthermore, Petitioner possessed the ability to present evidence of those rehabilitation efforts, and in fact did so, during the resentencing before Judge Brown. There is nothing to suggest that Judge Brown ignored those efforts. *See*, *e.g.*, United States v. Diaz, 639 F.3d 616 (3d Cir. 2011) (finding that a sentencing judge's failure to make note of rehabilitation efforts and lack of mention of such efforts in a presentence report is enough to warrant a remand and resentencing). Here, during Petitioner's resentencing hearing, at which he was represented by counsel, both counsel and Petitioner discussed in detail Petitioner's ongoing rehabilitation efforts, including those discussed *supra*. Furthermore, Judge Brown noted at the hearing his full consideration of Petitioner's ongoing efforts and specifically stated that they were a factor in supporting a reduced sentence. These facts leave no doubt that Petitioner's rehabilitation efforts have already been considered by this Court and thus Petitioner's claims are without merit.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed. An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: August 7, 2013